UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KASSANDRA ROSADO and KREISAU GROUP LLC , | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 26 C 1532 |
| TODD BLANCHE, in his official capacity as Acting Attorney General, and MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security , | ) ) ) ) ) | Judge Alonso |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSED MOTION TO
STAY THE PARTIES' 26(f) AND 16(b) CONFERENCES**

Defendants Todd Blanche and Markwayne Mullin, in their official capacities, through their attorney, Andrew Boutros, move to stay the parties' Rule 26(f) and Rule 16(b) conferences until four weeks after the court enters a preliminary injunction order. Although the defendants understand the court's April 23 minute order to stay defendants' deadline to respond to plaintiffs' complaint and all related deadlines, plaintiffs disagree and insist that the parties begin discovery immediately. Accordingly, for clarification, and consistent with this court's standing orders, the defendants file this motion to stay and state in support as follows:

1. Plaintiffs Kassandra Rosado and Kreisau Group LLC filed this action in February 2026, alleging that the defendants violated their First Amendment rights by unlawfully coercing Facebook to remove Rosado's group from its platform and coercing Apple to remove Kreisau Group's iPhone app from the App Store. Dkt. 1.

2. On February 17, 2026, the court ordered the parties to file a joint initial status report by May 11, 2026, and set a Rule 16 telephonic status hearing for May 14, 2026. Dkt. 9. Under

the court's standing orders, the parties' deadline to meet for a Rule 26(f) conference is 14 days before the status hearing, *i.e.*, April 30, 2026.

3. On February 26, 2026, after the court scheduled an initial status hearing, plaintiffs moved for a preliminary injunction seeking to prohibit defendants from continuing to coerce Facebook and Apple into suppressing their speech. Dkt. 10. On April 17, 2026, the court granted plaintiffs' motion for a preliminary injunction. Dkt. 34.

4. Currently, the parties are acting pursuant to the court's April 23, 2026 minute entry, which directs the defendants to provide plaintiffs with proposed preliminary injunction order language by April 28, 2026, the parties to meet and confer by May 1, 2026, and the parties to submit a joint status report by May 4, 2026. *See* Dkt. 36. In the interim, the court stayed the defendants' deadline to file a responsive pleading. *Id*. ("Pending resolution of this issue, defendant's deadline to respond to the complaint is stayed"). The court has directed the parties to "set forth proposed dates for defendants to respond to the complaint *and for discovery*" *if* they reach an agreement on the proposed order. Dkt. 36 (emphasis added).

5. The defendants understand the court's order to stay the defendants' deadline to respond to plaintiffs' complaint and all discovery deadlines until after it issues a preliminary injunction order. Plaintiffs disagree and assert that, although the defendants need not file a responsive pleading at this stage, the court did not explicitly stay any other deadlines. Plaintiffs insist that the parties confer under Rule 26(f), schedule initial disclosures, and begin discovery immediately.

6. To the extent not already ordered by the court's April 23 minute entry, Dkt. 36, defendants request that the court stay the Rule 26(f) and 16(b) deadlines—currently April 30 and May 14, respectively—for the same reason that it stayed the defendants' responsive pleading

2

deadline. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting that a district court's power to stay is "incident" to the power to control its own docket). The Solicitor General may authorize appellate review of the injunction, which may require the court and the parties to re-evaluate whether to engage in discovery during the pendency of an appeal. Further, a brief stay would reduce the burden of litigation on the parties, and the plaintiffs would not be prejudiced or tactically disadvantaged.

WHEREFORE, defendants request that the court stay the parties' 26(f) conference (April 30) and initial status hearing (May 14) until four weeks after the court enters an order on plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas M. Cull
    THOMAS M. CULL
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    thomas.cull@usdoj.gov