**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KASSANDRA ROSADO and KREISAU GROUP LLC,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General, and<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,<br><br>   *Defendants*. | Civil Action No.: 1:26-cv-01532<br><br>Hon. Jorge L. Alonso |

**JOINT INITIAL STATUS REPORT**

In accordance with this Court's order, the parties conducted their Rule 26(f) conference on May 18, 2026, and now file this joint initial status report.

## I. Nature of the Case

### A. State the basis for federal jurisdiction.

This Court has federal-question jurisdiction under 28 U.S.C. § 1331, as this is a civil action arising under the First Amendment of the United States Constitution. The defendants dispute plaintiffs' Article III standing.

### B. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.

Plaintiffs allege that defendants, by coercing Facebook and Apple to suppress their Facebook group and iPhone app reporting on public ICE activity, violated the First Amendment. There are no counterclaims or third-party claims.

### C. Describe the relief sought.

Plaintiffs seek (i) declaratory relief (declarations that the defendants' coercion of Facebook and Apple to suppress plaintiffs' speech violates the First Amendment), (ii) permanent injunctive relief (prohibiting defendants from continuing to coerce Facebook and Apple to suppress their

1

speech), and (iii) attorneys' fees and costs.

**D. State whether there has been a jury demand.**

Plaintiffs have requested a jury trial. *See* Dkt. No. 1.

**E. List the names of any parties who have not yet been served.**

All parties have been served.

## II. Discovery and Pending Motions

**A. Identify any pending motions.**

There are no pending motions.

**B. Submit a proposal for discovery and a case management plan that includes the following information: (1) the type of discovery needed, including any potential electronic discovery or bifurcated discovery; (2) the need for any proposed protective orders; (3) a date for Rule 26(a)(1) disclosures; (4) a date for the completion of fact discovery; and (5) whether there will be expert discovery.**

(1) Plaintiffs intend to seek documents and communications concerning apps and social-media groups reporting on ICE activity, including concerning Rosado's Facebook group and Kreisau Group's "Eyes Up" app, and government actions and communications toward Facebook and Apple concerning these apps and groups. The government intends to seek documents and communications concerning Rosado's Facebook group and Kreisau Group's iPhone app and violations of Meta Platforms, Inc.'s Community Standards, Apple's App Review Guidelines and Terms of Service, and other policies.

(2) Plaintiffs do not believe a protective order is necessary at this time, but reserve the right to seek one should circumstances warrant. The government requests that the court enter a protective order based on the model confidentiality order contained in the local rules. LR 26.2. Consistent with the court's standing rules, the government intends to move for a protective order before producing documents in discovery.

(3) The parties agree to exchange Rule 26(a)(1) disclosures by June 8, 2026.

(4) The parties propose a fact discovery deadline of November 20, 2026.

(5) The parties have not disclosed expert witnesses at this time but reserve the right to retain and timely disclose expert witnesses.

III.    **Settlement and Referrals**

    **A.  State whether any settlement discussions have occurred and describe the status of any settlement discussions. (Do not provide the particulars of any demands or offers that have been made.)**

The parties discussed the prospect of settlement during their Rule 26(f) conference and are continuing to explore the possibility of an early resolution to this matter.

    **B.  State whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

The parties do not request a settlement conference at this time.

    **C.  State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to the Magistrate Judge's jurisdiction. (Do not report whether individual parties have so consented.) The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties have informed their clients about the possibility of proceeding before a Magistrate Judge for all purposes. The parties do not unanimously consent to the Magistrate Judge's jurisdiction.

Dated: May 27, 2026

Respectfully Submitted,

/s/ Colin P. McDonell
Colin P. McDonell
James C. Grant (admitted pro hac vice)
Hannah M. Abbott (admitted pro hac vice)
Cary Davis (admitted pro hac vice)
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
colin.mcdonell@fire.org
jim.grant@fire.org
hannah.abbott@fire.org
cary.davis@fire.org

*Counsel for Plaintiffs*

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas M. Cull
THOMAS M. CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov