UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KASSANDRA ROSADO and KREISAU )
GROUP LLC, )
           )
             Plaintiffs, )
           )
               v. )    No. 26 C 1532
           )
TODD BLANCHE, in his official capacity as )    Judge Alonso
Acting Attorney General, and )    Magistrate Judge Valdez
MARKWAYNE MULLIN, in his official )
capacity as Secretary of Homeland Security, )
           )
             Defendants. )

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

In opposing defendants' motion, plaintiffs ask this court to construe all public statements by federal agencies and officials as if they were made by one speaker ("the government"), to construe every statement critical of ICE tracking applications and groups as a threat aimed specifically at plaintiffs' speech, and to infer that the defendants coerced Apple and Meta into suppressing plaintiffs' speech. Not only is plaintiffs' position unsupported by First Amendment coercion jurisprudence, but the Supreme Court expressly rejected this approach in *Murthy v. Missouri*, 603 U.S. 43 (2024).

In reversing the Fifth Circuit, the Court rejected the plaintiffs' efforts to "treat the defendants as a monolith" by broadly claiming that "the government" "continues to coordinate with the platforms about content moderation issues." *Murthy*, 603 U.S. 43, 69. Instead, the Court emphasized the need to "untangle the mass of plaintiffs' injuries and Government communications." *Id*. "[W]e must confirm," the Court emphasized, "that *each* Government defendant continues to engage in the challenged conduct, which is 'coercion' and 'significant

encouragement,' not mere 'communication.'" *Id*. (emphasis in original). As explained in the defendants' motion to dismiss, plaintiffs do not allege that either defendant engaged in any conduct after October 2025, to say nothing of the "coercion" and "significant encouragement" required.

The court should dismiss plaintiffs' claims.

## Argument

### I. Plaintiffs Lack Article III Standing

As a threshold matter, plaintiffs lack standing to bring their claims. Plaintiffs offer two arguments in response to the standing arguments raised in defendants' motion to dismiss. *First*, citing *Avitia v. Metro. Club of Chicago, Inc.,* 49 F.3d 1219 (7th Cir. 1995), plaintiffs assert that this court's preliminary injunction order bars the defendants from disputing standing at this stage under the law of the case doctrine. Dkt. 51 at 7. The law of the case doctrine does not bar the court from deciding this issue, however, and *Avitia* undermines plaintiffs' position.

"The law of the case is a discretionary doctrine, not an inflexible dictate." *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018). In *Avitia*, the Seventh Circuit explained that a district court is free to examine its own earlier rulings if it reaches an alternate conclusion and changing its opinion would "not cause undue harm to the party that had benefited from it." *Avitia,* 49 F.3d at 1227. Courts are "significantly less constrained by the law of the case doctrine" in the context of jurisdictional questions in particular. *Chicago Joe's Tea Room*, 894 F.3d at 818.

Here, plaintiffs face no undue harm should the court grant the defendants' motion and dismiss plaintiffs' claims for lack of standing. "[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject matter jurisdiction of the court at any time and at any stage of the proceedings." *Sadat v.*

*Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980); *Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself.").

*Second*, plaintiffs argue in a footnote that they have standing because they have adequately alleged ongoing coercion by the defendants, citing paragraphs 77-81 of the complaint. Dkt. 51 at 7n.3. The cited paragraphs do not, however, support plaintiffs' position. Paragraphs 77-78 allege that plaintiffs have suffered *irreparable harm* because any loss of First Amendment freedoms, even for a limited time, constitutes irreparable harm. Dkt. 1 ¶¶ 77-78. Plaintiffs further assert that those harms will continue because neither (former Attorney General) Bondi nor (former Homeland Security Secretary) Noem publicly disavowed any statements and, therefore, the alleged threats "continue to hang" over Apple and Meta. Dkt. 1 ¶¶ 79-81.

Plaintiffs confuse the irreparable harm requirement for injunctive relief with the traceability requirement for standing. Under *Murthy*, plaintiffs bear the burden of establishing that the Attorney General and the Homeland Security Secretary are currently engaged in an *ongoing campaign* to suppress their speech. Alleging irreparable and continuing harm is no rejoinder. Otherwise, *every* First Amendment claim alleging ongoing harm from the defendants' past actions would confer a plaintiff with Article III standing. The Supreme Court implicitly rejected this position in *Murthy* by concluding that plaintiffs lacked standing for their First Amendment claims because they failed to establish that the defendants continued to actively suppress their speech. *Murthy*, 603 U.S. at 69. This court should reach the same conclusion here.[1]

---

[1] Plaintiffs cite to public statements made by the defendants in response to questions from the press about this litigation to support their allegations of ongoing coercion by "the government." *See* Dkt. 51 at 7n.3. Public statements—by defendants and non-defendants alike—disapproving

## II.     Plaintiffs Fail to State a First Amendment Coercion Claim

As defendants explained in their motion, plaintiffs' claims rest on public statements (including those by non-defendants) about ICE tracking applications that have no connection to plaintiffs—statements that were not directed toward Apple and Meta.  Dkt. 48-1 at 8, 11. In response, plaintiffs insist that these distinctions are immaterial because, together, they form a "course of conduct" coercing Apple and Facebook to suppress plaintiffs' speech.  Dkt. 51 at 9. Plaintiffs cite to no authority supporting this expansive "course-of-conduct" theory or any decision finding that similar allegations state a First Amendment coercion claim.

Citing a recent out-of-circuit decision, *CAIR-Foundation, Inc. v. DeSantis*,[2] 822 F. Supp. 3d 1263 (N.D. Fla. 2026), plaintiffs further maintain that the defendants' statements about ICE-tracking applications, generally, are coercive and violate the First Amendment even if they do not concern plaintiffs' speech and are not directed specifically at Apple and Meta.  Dkt. 51 at 10. Plaintiffs' analogy is unconvincing.  In *CAIR-Foundation, Inc.*, the governor of Florida explicitly designated the plaintiff Muslim civil rights organization as a terrorist organization.  *CAIR-Foundation, Inc.,* 822 F. Supp. 3d at 1274 ("Defendant's [Executive Order] designates Plaintiff by name as a 'terrorist organization.'").  The court found that, in giving the plaintiff organization the terrorist label, the government coerced third parties to disassociate from the organization, thus violating the plaintiff organization's First Amendment rights.

Here, however, plaintiffs do not once allege that defendants made any public statements specifically criticizing or labeling Eyes Up or ICE Sightings – Chicagoland before Meta or Apple

---

or criticizing ICE-tracking applications generally are not unlawful, nor are they indicia of government coercion concerning plaintiffs' speech.

[2]  In addition to *CAIR-Foundation, Inc.*, plaintiffs cite to their own briefing in support of the motion for a preliminary injunction.  Dkt. 51 at 10.

removed their content. Rather, plaintiffs allege that defendants publicly criticized speech by non-parties and made statements critical of ICE-tracking applications generally. Those statements, plaintiffs allege, coerced Apple and Meta to remove their speech from their respective platforms. These statements are not analogous to the Florida governor's labeling of a specific plaintiff as a domestic terrorist organization—a label that naturally resulted in disassociation by third parties.

Under plaintiffs' untenable position, any individual or organization who owns an ICE-tracking app or social media group would have standing to sue the government if their speech is removed by a private platform after a government official speaks critically of speech by non-plaintiffs or a general category of speech. Such attenuated claims cannot survive a motion to dismiss and neither do plaintiffs' claims.[3]

*    *    *

---

[3] Plaintiffs further object to the defendants' references to a September 2025 shooting at an ICE facility in Dallas just weeks before Apple and Meta removed plaintiffs' content. Dkt. 51 at 10-11. Plaintiffs assert that this evidence is outside the pleadings and thus cannot be considered on a motion to dismiss. *Id*. Plaintiffs, not the defendants, introduced this evidence. Plaintiffs filed more than 70 exhibits and multimedia files supporting their motion for a preliminary injunction, many of which are incorporated into the complaint. Among them, plaintiffs filed exhibit AA, which consists of a CNN article reporting on the September 2025 Dallas shooting at an ICE facility. Dkt. 10-4 at 21. At a minimum, the court may take judicial notice of the September 2025 shooting described in plaintiffs' exhibit. Plaintiffs cannot reasonably question the accuracy of the source reporting on a public event they filed on the docket and rely upon in this proceeding.

5

**Conclusion**

For the foregoing reasons, defendants request that the court grant the motion and dismiss plaintiffs' claims.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas M. Cull
    THOMAS M. CULL
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    thomas.cull@usdoj.gov