**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kassandra Rosado and Kreisau Group LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 26 C 1532 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Pamela Bondi, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Kassandra Rosado runs a Facebook group, Plaintiff Kreisau Group runs a phone application, and both allow users to post information regarding ICE activity. R. 1 ¶¶ 26, 35. Plaintiffs allege that Defendants coerced Facebook and Apple into disabling their content and that this coercion violated the First Amendment. *Id.* ¶¶ 51–75. The Court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendants from continued coercion. R. 41. Defendants now move to dismiss. R. 48. Defendant's motion to dismiss is denied as stated below.

First, Defendants argue that Plaintiffs lack standing because they cannot show an "ongoing" injury. R. 48-1 at 5–7. But the Court already addressed this argument when ruling on Plaintiffs' motion for a preliminary injunction, and found that the Plaintiffs had standing because "Defendants' purported coercion [was] having continuing, present adverse effects." R. 34 at 5 (citations omitted). In their motion to dismiss, Defendants do not set forth any changed circumstances that would disturb the Court's prior ruling. For the same reasons as stated in its prior ruling, the Court finds that Plaintiffs have standing. *See Rosati v. Rosati*, 2021 WL 3666432, at *4 n.3 (N.D. Ill. Aug. 18, 2021) ("Because those motions [to dismiss] raise substantially identical arguments to those presented . . . in Defendants' responses to Plaintiffs' motion for preliminary injunction, those motions are denied for the same reasons.").

Second, Defendants argue that Plaintiffs did not plausibly allege a coercion claim because they failed to allege that Defendants Pamela Bondi and Kristi Noem "threatened to wield their power against Apple or Facebook if either platform refused to suppress [the relevant content]." R. 48-1 at 7–12. Again, the Court already addressed this argument when ruling on Plaintiff's motion for a preliminary injunction and found that Bondi and Noem "demanded, rather than requested, that Facebook and Apple censor Plaintiffs' speech." R. 34 at 6. As such, the Court found that "Plaintiffs are likely to succeed on the merits of their claim that Defendants violated their First Amendment rights through coercion of Facebook and Apple." *Id.* at 7. For the same reasons the Court found that Plaintiffs demonstrated a likelihood of success on the merits, the Court finds that Plaintiffs have plausibly alleged a claim.[1]

### Conclusion

For the reasons stated above, Defendants' motion [48] to dismiss is denied. The parties shall proceed with discovery as set forth at [46].

SO ORDERED.

ENTERED: August 4, 2026

**HON. JORGE L. ALONSO**
**United States District Judge**

---

[1] Indeed, there is logically a higher threshold to demonstrate "likelihood of success on the merits," as required to obtain a preliminary injunction, *see Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 855 (7th Cir. 2025), than to allege a claim that is "plausible on its face" as required to survive a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2