**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KASSANDRA ROSADO and KREISAU GROUP LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General, and<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security,<br><br>*Defendants*. | Civil Action No.: 1:26-cv-01532<br><br>Hon. Jorge L. Alonso<br><br>Hon. Maria Valdez |

## JOINT STATUS REPORT

In accordance with this Court's order, Dkt. 58, the parties now file this joint status report.

**1. A brief summary of the claims asserted in the complaint and any counterclaim or third-party complaint.**

Plaintiffs allege that defendants, by coercing Facebook and Apple to suppress their Facebook group and iPhone app reporting on public ICE activity, violated the First Amendment. There are no counterclaims or third-party claims.

**2. A brief statement of the relief sought, including itemization of damages.**

Plaintiffs seek (i) declaratory relief (declarations that the defendants' coercion of Facebook and Apple to suppress plaintiffs' speech violates the First Amendment), (ii) permanent injunctive relief (prohibiting defendants from continuing to coerce Facebook and Apple to suppress their speech), and (iii) attorneys' fees and costs. No damages are sought in this case.

**3. A brief description of the matter referred to the magistrate judge or alternatively, attach a copy of the referral order.**

This case has been referred to Judge Valdez for discovery supervision and to conduct a settlement conference.

**4. The status of any briefing on the matters referred.**

No briefing has occurred on the matters referred.

5. **If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying: (a) the depositions that have been taken; (b) the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.**

The parties exchanged initial disclosures on June 8. Plaintiffs served defendants with written discovery requests under Rule 33 and Rule 34 on June 17, and defendants provided responses and objections to plaintiffs on July 17. Counsel for the parties met on July 31 to discuss defendants' objections and establish a schedule for production. Defendants agreed to begin producing documents no later than August 7, with production to be completed no later than August 21, and to supplement their responses to plaintiffs' First Sets of Interrogatories no later than August 14. Although the parties were unable to resolve all issues, the parties agreed to revisit defendants' objections and defer seeking this Court's intervention pending receipt of defendants' initial production.

Defendants produced some documents to plaintiffs on August 7 and have informed plaintiffs that the remaining production will be substantially complete by August 21.

<u>Plaintiffs</u>:

As of August 18, the majority of the government's production remains outstanding, and the government has yet to answer plaintiffs' interrogatories in a manner that facially complies with the requirements of Rule 33. Plaintiffs have received no information as to the contents of the government's communications with Apple and Meta or the identities of the individuals involved. Given the government's delays in responding to discovery, at this time plaintiffs are unable to determine what depositions and other discovery will be necessary, although plaintiffs do intend to depose, at a minimum, Pam Bondi and Kristi Noem.

<u>Defendants</u>:

The defendants produced responsive documents on August 7, 2026, three days after the district court entered a protective order. Dkt. 56. The defendants expect to substantially complete their production by Friday, August 21. The defendants will supplement their interrogatory responses the following week. At this stage, the government intends to depose both plaintiffs.

6. **Whether the parties will consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

7. **Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial. If no discovery dates have been set, attach to the initial status report a completed Rule 16(b) scheduling order.**

Close of fact discovery has been set for November 20, 2026. No other dates or deadlines have been established.

**8. The status of settlement negotiations, if any.**

The parties discussed the possibility of settlement but were unable to reach an agreement on several key terms. The parties remain open to settlement.

Dated: August 18, 2026

/s/ James C. Grant
James C. Grant (admitted pro hac vice)
Colin P. McDonell
Hannah M. Abbott (admitted pro hac vice)
Cary Davis (admitted pro hac vice)
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jim.grant@fire.org
colin.mcdonell@fire.org
hannah.abbott@fire.org
cary.davis@fire.org

*Counsel for Plaintiffs*

Respectfully Submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas M. Cull
THOMAS M. CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov

*Counsel for Defendants*